UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14047-CR-MARTINEZ/LYNCH(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAVEN SIMONE SAYERS,

    Defendant.

_____/

FILED by _____ D.C.

MAY - 8 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 13-1035]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher of Mr. Johansson, his letter of explanation attached thereto as well as the time records and other documentation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Administrator has adjusted the hours and amounts set forth in the CJA Voucher submitted by counsel for the Defendant. The Administrator has adjusted these to correctly reflect the time devoted to each task and the applicable hourly rate which varied during the time that the Defendant was represented by Mr. Johansson.

    2.    Based upon these adjustments, the CJA Voucher seeks reimbursement of 4.9 hours of in-court time totaling $558.20. The voucher seeks reimbursement of out-of-court time of 140.9 hours totaling $14,920.30. Therefore, the total amount of attorney's fees sought as adjusted by the CJA Administrator is $15,478.50 which exceeds the statutory cap of $9,800.00. This Court notes that travel related expenses in the amount of $1,464.19 are also included in the CJA Voucher. There is sufficient documentation to

establish entitlement and reasonableness of those costs and they should be awarded in full. This Court will address only the attorney's fees issues further.

3. This Court has reviewed the CJA Voucher submitted by Mr. Johansson as well as the attached time records and his letter of explanation. His letter of explanation sets forth the various reasons why he believes that the matter was "extended" and "complex." Those reasons are:

- a. There were two bank robberies involved in the case.

- b. The Defendant was the getaway driver for one group of bank robbers.

- c. Discovery was extensive and complex because it involved "numerous players, stories, and identifications." Mr. Johansson's letter asserts that there were seven DVDs/CDs which had to be reviewed as part of the discovery.

- d. Mr. Johansson was appointed at the target letter stage before the grand jury and spent numerous hours discussing the pros and cons of meeting with the government for debriefing before charges were filed.

- e. There were three arraignments on the original Indictment and the subsequent Superseding Indictments.

- f. There were another three bank robberies north of Fort Pierce and one in Tampa which the Defendant was allegedly involved in.

- g. Mr. Johansson had to negotiate immunity with the U. S. Attorney for the Middle District of Florida concerning the Tampa bank robbery.

4. As Mr. Johansson's letter indicates, his representation as court appointed counsel for the Defendant began prior to criminal charges being filed. Once the Defendant was notified that she was a target of the investigation, this Court appointed Mr. Johansson to represent her. He continued that representation after charges were formally filed. That representation by original appointment before charges were filed was on August 21, 2013. His representation continued through sentencing and concluded on March 12, 2014.

5.  This Court is familiar with this case from its beginning. This Court conducted the original appointment of counsel for the Defendant and all subsequent pretrial proceedings. The case resolved itself by way of a change of plea on December 13, 2013. Thereafter, the Defendant was sentenced by Judge Martinez on or about March 10, 2014. There were no extensive evidentiary hearings in this case. The Defendant's initial appearance was on September 26, 2013. A Detention Hearing was held on October 2, 2013. Subsequent arraignments were held on October 4, 2013, November 5, 2013, and at the time that the Defendant entered her change of plea on December 13, 2013. Between those dates, there were what appears to be at least three or four responses by the government to this Court's Standing Discovery Order which provided Mr. Johansson with discovery in the case. This Court conducted the change of plea hearing on December 13, 2013 wherein the Defendant pleaded guilty pursuant to a written plea agreement and stipulated factual basis. Thereafter the Defendant was sentenced by Judge Martinez as referenced above.

6.  The Defendant pled guilty to Count Four of the Third Superseding Indictment which charged her with interfering with commerce by threats or violence (robbery), in violation of Title 18, United States Code, Sections 1951(a) and 2; Count Six of that same Indictment which charged the Defendant with interfering with commerce by threats or violence (robbery), in violation of Title 18, United States Code, Section 1951(a); and Count Seven of that same Indictment which charged the Defendant with using, carrying, and possessing a firearm in furtherance of a crime of violence (brandishing), in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. The Defendant was sentenced by Judge Martinez to 78 months concurrent on Counts Four and Six, and 84 months

consecutive on Count Seven to be followed by three years of supervised release on all three counts to run concurrently along with a special assessment and an order of restitution.

7. This is an administrative decision as opposed to an adversarial proceeding as delineated in <u>United States v. Griggs</u>, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings including the Defendant's change of plea hearing as referenced above.

8. The attorney's fees sought by Mr. Johansson exceed the statutory cap of $9,800.00 as recently adjusted in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is sufficient justification to waive or exceed that statutory cap. In doing so, this Court must determine if the matter was "extended" or "complex" as defined in the statute and the applicable case law.

9. Mr. Johansson has attached a letter of explanation as referenced by this Court. This Court understands and accepts those grounds which Mr. Johansson asserts qualify this case as being "extended" and/or "complex." However, this Court disagrees with Mr. Johansson's ultimate conclusion in that regard.

10. The entire representation in this case from the time that Mr. Johansson was appointed to represent the Defendant at the target letter stage through sentencing is just short of seven months. As referenced previously by this Court, there were no extensive evidentiary hearings. Aside from the three arraignments, there was a Detention Hearing and a Change of Plea Hearing prior to sentencing. This is borne out by Mr. Johansson's request for only 4.9 hours of compensation for in-court time.

11. Likewise, this Court understands that Mr. Johansson spent quite a bit of time out of court in discussing the case with the Defendant, the U. S. Attorney for this District, and the U. S. Attorney for the Middle District of Florida, together with reviewing the discovery in this case. This Court does not find any time record which needs to be deleted or adjusted in that regard. Mr. Johansson regularly appears before this Court in federal criminal cases. He is well respected and is a very competent criminal defense attorney in this division.

12. This Court is guided by the definitions previously established concerning "extended" and "complex." An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

13. This Court cannot in good faith find this case to be either "extended" or "complex." The case proceeded in a normal fashion. As referenced several times herein, there were no extensive hearings nor evidentiary issues decided by this Court nor the District Court. The case was resolved by way of entry of guilty pleas by the Defendant pursuant to a written plea agreement. Therefore, this Court finds that this case does not qualify as either extended or complex as set forth in the guidelines this Court is required to follow.

14. This Court appreciates the services which were provided by Mr. Johansson. This Court must perform its function in reviewing CJA Vouchers and act as a gatekeeper to balance the entitlement of a defendant to competent representation and the ability of the

court appointed counsel to be fully compensated. However, this Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent defendant, such as in this case, with the understanding and realization that there are limited CJA funds available in this District and nationwide for payment of such services. Congress has reduced the amount of funds for defender services nationwide over the past several years. This includes funds for the Federal Public Defender and available funds for the payment of CJA counsel. This Court must make certain that defense counsel is adequately compensated, even if it is not full compensation. Further, this Court must make certain that such amounts exceeding the statutory cap as requested herein are not paid unless there is sufficient justification under the applicable case law and statutory framework which governs this Court's review of such matters.

15. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent defendants in the future would be much more severe than it is under the present budgetary constraints.

16. In reducing the amount sought by Mr. Johansson to the statutory cap of $9,800.00 plus travel expenses, this Court is not questioning in any way the tasks performed nor the time devoted to those tasks. This Court is required to merely make a determination that under the statutory framework and definitions which this Court is required to follow, that this case does not meet the definitions of either being "extended" nor "complex." By doing this, this Court is hoping to make certain that in the future there will be funds available for other indigent defendants who have not yet been arrested or charged. In other words, courts cannot deplete all of the defender services as we go along

and then try to figure out a way to compensate counsel for those other indigent defendants in the future who will also need court appointed counsel.

17.     As a result of the foregoing findings, Mr. Johansson's recovery of attorney's fees is limited to the statutory cap of $9,800.00 plus travel expenses in the amount of $1,464.19, for a total of $11,264.19.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 13-1035 be **GRANTED** insofar as Mr. Johansson be awarded the statutory maximum of $9,800.00 as reasonable attorney's fees together with travel expenses in the amount of $1,464.19, for a total sum of $11,264.19.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of May, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Omar F. Guerra Johansson, Esq.
Lucy Lara, CJA Administrator